72　387
78　384
78　561

---

## O. S. KENNEDY v. A. R. EMBRY ET AL.

### No. 6004.

**1. Rescission by Vendor of Sale of Land.**—Where there has been no attempt to perform any part of the contract (for sale of a tract of land) and the time for performance has expired, no equities exist in favor of the vendee and the vendor may rescind without notice to the vendee of intention to do so and convey the land to another without foreclosing his lien for the purchase money.

**2. Fact Case.**—See facts where a rescission by the vendor and sale to another with-

out notice were held valid against the vendee in fault by an entire failure on his part to perform his part of the contract.

Appeal from Tarrant. Tried below before Hon. J. Y. Hogsett, special district judge, elected by the bar upon the illness of the district judge.

The opinion gives the facts.

*N. G. Shelley,* for appellant.— 1. A second purchaser can not defeat an older transfer from his vendor by showing that the first purchaser had not paid the purchase money. Peterson v. Lowry, 48 Texas, 408.

2. In trespass to try title an outstanding equity can not be pleaded or proved in defense unless the defendant is shown to be connected with it. Shields v. Hunt, 45 Texas, 425; Johnson v. Timmons, 50 Texas, 537.

3. The vendee when sued for the land may tender the unpaid purchase money, no matter how long since his default occurred, and save his forfeiture. Scarborough v. Arrant, 25 Texas, 132–137; Gregg v. English, 38 Texas, 139; Estes v. Browning, 11 Texas, 248; Tom and Wife v. Wollhoefer, 61 Texas, 281.

4. A vendor who sells land and makes a warranty deed to his vendee in which he acknowledges receipt of payment of all the purchase money and makes no mention of unpaid purchase money, and takes notes and a mortgage for the purchase money conditioned only that in default of payment of the notes at maturity he may then or at any time thereafter foreclose it as a mortgage, can only foreclose his mortgage in a court of cempetent jurisdiction, and can not rescind the contract and resell the land. Gregg v. English, 38 Texas, 139; Green v. Chandler, 25 Texas, 158; Scarborough v. Arrant, 25 Texas, 132; 1 Hilliard on Vendors, 443, secs. 40, 41; 2 Hilliard on Vendors, sec. 71 *et seq.*

5. If a person who has contracted to sell land sells it to a third person, the second purchaser, if he have notice at the time of the purchase of the previous contract, will be compelled to convey the property to the first purchaser. Hoagland v. Lalourette, 1 Green Ch., 254; Langdon v. Woolfolk, 2 B. Monroe, 105; Hunter v. Wallace, 1 Tenn., 229; Dunlap v. Stetson, 4 Mason, 349; Wadsworth v. Wendell, 5 Johns. Ch., 224; Sugden on Vendors, 11, 191.

6. When plaintiff purchased of one whose evidence of title was recorded he was under no necessity to inquire whether the vendor of his vendor had made another sale of the land subsequent to the time of the recording of his vendor's title, nor would he be affected by such subsequent sale. Early v. Sterrett, 18 Texas, 113; Wright v. Wooters, 46 Texas, 383.

7. The vendee when sued for the land may tender the unpaid purchase money, no matter how long since his default occurred, and save

the forfeiture. Scarborough v. Arrant, 25 Texas, 132–137; Tom and Wife v. Wollhoefer, 61 Texas, 281; Estes v. Browning, 11 Texas, 243.

8. Where one party fails in performing the contract, the other if he means to rescind it, first, should give a clear notice of his intention (Green v. Chandler, 25 Texas, 158); second, he must demand payment and give notice of his intention to rescind (Scarborough v. Arrant, 25 Texas, 134; Secrest v. Jones, 21 Texas, 121; Hill v. Still, 19 Texas, 76); third, he must also tender a deed, or if deed has been made and he holds a mortgage he must tender a release of the mortgage. Perry v. Rice, 10 Texas, 367; Walling v. Kinnard, Ib., 511; Gregg v. English, 38 Texas, 139; Hill v. Still, 19 Texas, 76; 1 Hilliard on Vendors, p. 443, secs. 40–43; 1 Hilliard on Vendors, p. 183, sec. 33; 2 Hilliard on Vendors, 71 *et seq.;* 1 Sugden on Vendors, p. 266, sec. 1 *et seq.*

*A. W. De Berry,* for appellees, cited Webster v. Mann, 52 Texas, 416; Jackson v. Palmer, 52 Texas, 427; Ufford v. Wells, 52 Texas, 612; Thompson v. Westbrook, 56 Texas, 265.

ACKER, PRESIDING JUDGE. — J. P. Smith owned block sixteen in Tucker's addition to the city of Fort Worth, and on July 2, 1878, conveyed it by warranty deed to W. C. Dismukes for the consideration of two hundred and fifty dollars, no part of which was paid, but notes were given therefor in three payments, maturing at one, two, and three years. To secure the payment of these notes Dismukes executed to Smith a mortgage on the land. The deed and mortgage were filed for record on the 5th day of July, 1878. Dismukes left the State some time in the year 1879 or 1880 and had not returned at the time of the trial. He never took possession of the land, never paid Smith any part of the purchase money therefor, and never paid any taxes thereon.

On January 27, 1882, Smith conveyed the land by warranty deed to appellees W. C. Parker and wife, and the deed was filed for record on the same day. Appellee Embry was in possession as tenant of Parker and wife.

Smith paid taxes on the land up to the time he sold to Parker and wife. On June 1, 1883, Dismukes conveyed the land to appellant for the consideration of ten dollars in cash and Kennedy's assumption to pay Smith the purchase money notes given by Dismukes. Appellant tendered to Smith the amount due on the Dismukes notes and all taxes he had paid since conveyance to Dismukes, which was not accepted. At the time of the trial the land was of the value of two thousand dollars. Appellant brought this suit September 4, 1885, in the ordinary form of trespass to try title.

Appellees answered by the plea of not guilty. The trial was by the court without a jury, and judgment rendered in favor of appellees. Ap-

pellant proved the conveyances by Smith to Dismukes, by Dismukes to him, and by Smith to Parker and wife.

Appellees then proved over objection of appellant the execution and non-payment of the notes and mortgage by Dismukes to Smith and the payment of taxes by Smith, whereupon appellant offered to file with the papers of the cause his written tender of amount due on the Dismukes notes and of the amount paid by Smith for taxes on the land, and consent that judgment might be rendered against him for said amounts and in his favor for the land, which offer was refused by the court on objection of appellees.

Under numerous assignments of error it is contended that upon tendering the purchase money and interest due by Dismukes, together with the amount paid by Smith for taxes, appellant was entitled to specific performance of the contract made by Smith and Dismukes; that the conveyance by Smith to Parker and wife, having been made without notice to Dismukes of Smith's intention to rescind and without any attempt to foreclose the mortgage and collect the purchase money, gave to Parker and wife the right only to receive the amounts of money tendered.

The contract between Smith and Dismukes was executory and the superior right to the land remained with Smith, subject to being divested by performance upon the part of Dismukes.

Under such contract upon total failure of performance on the part of the vendee the vendor has the right to either sue for the purchase money and foreclose his mortgage, or he may rescind the contract and recover the land.

Where there has been part performance by the vendee, as paying a portion of the purchase money or taking possession and making improvements under the contract, he would be entitled to reasonable notice of the vendor's intention to rescind. The reason of this rule is obvious. He may be able to give a reasonable excuse for his failure to fully perform that would entitle him in equity to protection to the extent he had performed. If the vendee has actually abandoned the contract or has so acted as to create the reasonable belief on the part of the vendor that he has abandoned it, the vendor may rescind without notice of his intention, notwithstanding the part performance by the vendee.

Where there has been no attempt to perform any part of the contract and the time for performance has expired, no equities exist in favor of the vendee, and the vendor may rescind without notice to the vendee of his intention to do so and convey the land to another without foreclosing his lien for the purchase money. We think the following authorities and many others that might be cited support the principles here announced: Dunlap v. Wright, 11 Texas, 597; Webster v. Mann, 52 Texas, 416; Jackson v. Palmer, Id., 434; Ufford v. Wells, Id., 619; Thompson v. Westbrook, 56 Texas, 266.

Appellant's vendor did nothing toward performing his part of the contract with Smith. He entered into an executory contract of purchase, and without paying any part of the purchase money or taxes or taking possesion, left the State before the time for performance expired and remained absent up to the time of trial, nearly five years after the time for performance had elapsed, without indicating any intention to perform the contract. We think Smith was certainly justified in believing that he had abandoned the contract and in rescinding it without notice by selling the land to Parker and wife.

With notice of the purchase money notes and mortgage, and of Smith's rescission of the contract by his conveyance to Parker and wife, appellant obtained the conveyance from Dismukes nearly two years after the expiration of the time for performance and about eighteen months after the contract had been rescinded, and seeks to recover the land against the holders of the superior title after the property has enhanced in value from two hundred and fifty to two thousand dollars, without showing any equity in his favor.

The questions already discussed must control the disposition of this case. Other questions presented being of minor importance will not be considered. We think the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted November 27, 1888.

Rehearing refused at Galveston Term, 1889.