## W. B. Norman et al. v. C. W. McCleary.

### No. 1815.

State School Land—Abandonment—Validating Act of 1887.—Where one who had purchased State school land at a void sale made by the Land Board under the Act of 1883 abandoned his claim thereto, the validating act of 1887 did not inure to his benefit, and his quitclaim deed thereof, made three years after its purchase and adverse occupancy by another, conveyed no title.

Appeal from Hardeman.　Tried below before Hon. G. A. Brown.

*A. G. Walker* and *D. E. Decker*, for appellants.—The purchaser under the Act of 1883 acquired rights that could not be divested by the State except by judicial forfeiture.　Gen. Laws 1883, p. 85–89; Gen. Laws 1885, p. 18, sec. 1; Gen. Laws 1889, p. 106, sec. 1; Chancy v. The State, 84 Texas, 529; Taylor v. Burke, 66 Texas, 643; The State v. Opperman, 74 Texas, 45; Stock Co. v. McCarty, 85 Texas, 412; Flanagan v. Nasworthy, 20 S. W. Rep., 839; Patterson v. O'Dougherty, 23 S. W. Rep., 293; The State v. Pendleton, 23 S. W. Rep., 923.

*S. W. Tenley*, for appellee.—1.　When a purchaser of school land, or his assignee, claims the same under a validating or healing statute, he must bring himself strictly within the terms of such statute.　Blum v. Looney, 69 Texas, 1; Flanagan v. Nasworthy, 20 S. W. Rep., 837.

2.　Where a vendee of land fails to comply with the terms of his purchase, the vendor may re-enter, take possession, and again sell the land, and where the land is not occupied, it may be done without notice. Kennedy v. Embry, 72 Texas, 387.

STEPHENS, Associate Justice.—Appellants claim the half section of school land in controversy under a purchase made by one Livengood, in February, 1887, through the Land Board, under the Act of 1883, the sale having been made before the land was classified, and not in the county where the land was situated.　Appellee claims under a settlement and purchase made in January and February, 1890, followed by three years' occupancy, in accordance with the Acts of 1887 and 1889.

There was a nonjury trial, and this appeal questions the sufficiency of the court's conclusions to sustain the judgment, the record containing no statement of facts.

Of the findings of fact, the ninth reads: "In the fall of 1888, after his purchase from Livengood, Ockander inclosed said section of land, but never resided thereon or otherwise used said land, and in the fall of 1889 declared his intention to and did abandon claim thereto, except as to the improvements thereon, which he thereafter sold to one J. A. Newlin."

In the summer of 1893, appellants acquired whatever rights Ockander then had, through quitclaim conveyance from him, the land having already been adversely occupied by appellee for more than three years under his purchase from the State, which was in all respects regular, if at the date of his purchase the land was subject to resale.

The question arises: did Ockander have any rights to convey? That the original purchase of Livengood was invalid is well settled. Martin v. McCarty, 74 Texas, 128; The State v. Opperman, 74 Texas, 136.

His rights, and consequently the rights of his assignee Ockander, depended entirely upon the validating act of 1889. According to the ninth finding quoted above, instead of availing himself of the benefits of that act, Ockander, by voluntarily abandoning his claim, rejected them. This he clearly had the right to do.

So, without determining the effect of the act on his rights, we are of the opinion that, on account of his rejection of its provisions by abandonment, they did not inure to his benefit, and consequently that his assignees took nothing by the quitclaim conveyances made more than three years after the purchase and adverse occupancy of appellee. The case is not analogous to those holding that a title to land can not be divested by abandonment, but rather to that of an executory contract of purchase. Kennedy v. Embry, 72 Texas, 387.

The judgment is affirmed.

*Affirmed.*

Delivered April 10, 1895.