POLLARD v. McCRUMMEN et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 15, 1913. Rehearing Denied Dec. 6, 1913.)

1. APPEAL AND ERROR (§ 737*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

In trespass to try title by a vendor against a purchaser who, it was claimed, had failed to comply with the contract, an assignment of error that the court erred in overruling defendant's demurrer and the general demurrer, and in holding that plaintiff stated a good cause of action, it being

---

alleged in the petition that plaintiffs had sold the land to defendants, and entered into the contract by which they agreed to enter into possession and place improvements thereon, and that, as soon as the improvements were so made, plaintiffs should execute and deliver to defendant a deed of conveyance, taking notes for the deferred payments, and it was not alleged that plaintiffs ever executed or offered to deliver the deed as they had contracted to do, and therefore did not allege a cause of action, was multifarious and too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3030–3032; Dec. Dig. § 737.*]

**2. VENDOR AND PURCHASER (§ 104*)—TENDER OF DEED—NECESSITY.**

In trespass to try title by a vendor under a contract which provided that the purchaser should become an actual settler upon the land and make certain improvements thereon, and that the vendor should then take vendor's lien notes for the deferred payments, and make a good and sufficient deed to the land, where the petition alleged that prior to the institution of the suit the purchasers had repudiated the contract, claiming the land adversely to the vendors, and had asserted that he would not surrender the possession nor comply with the terms of the contract, an allegation of the execution of the deed, and a tender thereof into court, were unnecessary.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 178–182; Dec. Dig. § 104.*]

**3. VENDOR AND PURCHASER (§ 104*) — SUIT FOR RESCISSION—INSTRUCTIONS — CONFORMITY TO EVIDENCE.**

In trespass to try title by a vendor under a contract of sale which provided that the purchaser should give his note, secured by a chattel mortgage, for the earnest money, that he should become an actual settler upon the land, and place certain improvements thereon, and that the vendor should then take vendor's lien notes for the deferred payments, with interest payable annually, and execute a deed to the land, where the evidence showed that the purchaser had occupied the land, cultivating, using, and enjoying the fruits thereof; that he had not offered to pay any interest, nor make any payments during the time he was in possession, and that he was not able to do so; that he had not executed the chattel mortgage to secure the earnest money note; that he had stated that the vendor had no title to the land, and that it was as much his as the vendor's, and that he was not going to pay therefor; and it was not shown that he at any time offered to execute the vendor's lien notes, and he did not tender them by his pleadings—an instruction that he could not recover for improvements on the land if he had himself refused to carry out the contract, and if the vendor was ready and willing to perform his part of the contract, was properly given.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 178–182; Dec. Dig. § 104.*]

**4. VENDOR AND PURCHASER (§ 105*)—SUIT FOR RESCISSION—INSTRUCTIONS—CONFORMITY TO EVIDENCE.**

In trespass to try title by a vendor under a contract which required the purchaser to make certain improvements on the land, where the evidence showed that the purchaser had failed to comply with the contract relative to giving vendor's lien notes and paying interest thereon, an instruction that if the purchaser refused to carry out the contract, and if the vendors were ready and willing to perform their part of the contract, the purchaser could not recover for such improvements, but that if the purchaser did comply with the contract, and was not in default, he should be allowed such sum as the land had been enhanced in value by such improvements, was a clear presentation of the law; and instructions that under the contract it was the duty of the vendors to make a deed, whether specially requested by the purchaser or not, and that if they did not do so, they had not complied with their contract, and must pay for the improvements, and that if the purchaser placed permanent and valuable improvements on the land, thereby enhancing the value thereof, he was entitled to such sum as the land had been enhanced in value thereby, were properly refused.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 183–187; Dec. Dig. § 105.*]

**5. VENDOR AND PURCHASER (§ 97*)—TENDER OF DEED—NECESSITY.**

Where a vendor was willing to comply with a contract of sale, but the purchaser repudiated the contract, the vendor was not bound to tender a deed before rescinding the contract and suing in trespass to try title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 161, 162, 166; Dec. Dig. § 97.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by M. C. McCrummen and others against P. J. Pollard. Judgment for plaintiffs, and defendant appeals. Affirmed.

H. C. Ferguson, of Lubbock, for appellant. W. D. Benson, of Lubbock, for appellees.

HALL, J. On August 8, 1908, the appellant and appellee M. C. McCrummen entered into a contract for the sale by appellees to appellant of a certain half section of land in Lubbock county. It was stipulated in the contract that appellant should execute his note for $320, and secure the same by a mortgage on certain personal property set out in the contract, which said note should be delivered to appellee McCrummen, and should represent the earnest money on the sale; that said amount should be paid in the event appellant should fail to carry out his part of the contract. The total consideration for the land was $3,200, to be divided into 10 equal notes, to be dated August 8, 1908, and due January 1, 1910 to 1919, respectively, each of said notes to bear interest at 8 per cent. from August 8, 1908, payable annually. It was further stipulated that appellant should become an actual settler on the land, put the same in cultivation during the spring of 1909, and make certain improvements thereon to the value of $320. "And when said improvements are placed on said land and the party of the second part has become an actual settler on the same, then the party of the first part is to surrender the first note herein described as being earnest money on this contract and then take the ten vendor's lien notes for $320.00 each, as before described and make a good and sufficient deed to the above-described land." There are other terms of the contract not

necessary to be stated here. On March 23, 1912, the appellees filed this suit in the district court of Lubbock county, and by their first amended original petition they sought to recover, in trespass to try title, the land in question, and as a further plea set up the foregoing contract, specially pleading the terms above set out, alleging that they had complied with the terms of the contract in every respect and had prepared a deed of conveyance, conveying said lands to the defendant in accordance with the terms of the contract and tendered the same into court for delivery upon condition that the defendant should comply with the terms of the contract by executing the 10 notes provided for therein. It is further alleged that the defendant at no time offered to comply with the terms of the contract; that plaintiffs had been ready, willing, and able at all times to convey to the defendant a good and sufficient title to said property in accordance with the terms of the contract, and that on or about the 20th day of March, 1912, the plaintiffs had called on defendant to know what he was going to do with reference to the contract, and defendant then and there stated that plaintiffs did not have any title to said land, and that he, defendant, was not going to do anything, and was not going to make any payment of interest or principal, and was not going to pay any rents, and would not get off the land, and would not execute said notes nor comply with any of the terms of the contract. The defendant answered by general and special exceptions, alleging that plaintiffs had failed and refused to comply with the contract in that they had refused to execute and deliver the deed provided for therein; that defendant had placed valuable improvements on the land which had increased the value thereof in the sum of $2,150; prayed for a rescission of the contract, for the value of the improvements, and general relief. There was a trial before a jury, resulting in a judgment for appellees for the land and all improvements and against appellant on his cross-action.

[1, 2] The first assignment of error is that: "The court erred in overruling appellants' demurrers and the general demurrer pleaded by appellee, and in holding that plaintiff stated a good cause of action and intended to recover on proof of the matters stated in said petition, it being alleged in said petition that plaintiffs had sold the land in controversy to appellant and entered into a mutual executory contract, by which appellant agreed to enter into possession of the land and place improvements thereon of the value of $320, in the spring of 1909, and as soon as the improvements were so much, that plaintiffs should execute and deliver to appellant a deed of conveyance to the land, taking notes for the deferred payments, and it was not alleged that plaintiffs ever executed or offered to deliver the deed as they had contracted to do, and therefore did not allege a cause of action against appellant." This assignment is multifarious, and too general to require consideration. We will say, however, that the court was correct in overruling the general demurrer. Plaintiff did allege the execution of the deed and by his petition tendered it into court. This allegation was not necessary, in view of the further allegation that prior to the institution of the suit the appellant had repudiated the contract, claiming the land adversely to appellees, and had asserted that he would not surrender the possession of the land nor comply with any of the terms of the contract. What is here said also disposes of the second assignment of error.

[3] The third assignment of error, submitted as a proposition, is as follows: "The court erred in charging the jury that the defendant, P. J. Pollard, cannot recover for such improvements on the land in controversy if he has himself refused to carry out his contract, and if the jury find and believe from the evidence that plaintiffs were ready and willing to perform their part of the contract in evidence, and the defendant refused to perform the contract on his part, then and in that event the defendant, Pollard, would not be entitled to recover anything for the enhanced value of the land by reason of such improvements. The evidence establishing that the plaintiff had never offered to deliver the deed of conveyance or inform the defendant of their willingness to execute and deliver such deed, and that the defendant at no time refused to carry out the terms of his contract until plaintiffs had failed and refused for three years to deliver any deed, and the defendant's refusal was wholly for the reason that plaintiffs refused to deliver his deed." The charge of the court under the facts of this case is manifestly correct. Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Kennedy v. Embry, 72 Tex. 387, 10 S. W. 88. This assignment of error is not sustained by the record. The statement of facts shows that on August 8, 1908, the appellees executed a deed, properly acknowledged, in March, 1910, conveying the land in question to appellant, which by its terms seems to be strictly in accordance with the provisions of the contract. Appellant admits in his testimony that he never offered to pay any interest nor make any payments during the three years in which he was in possession of the premises and was not able to do so. It was admitted that he did not execute the chattel mortgage to secure the first $320 note which was delivered to appellees in lieu of the earnest money. It is not shown that he offered at any time to execute the 10 vendor's lien notes provided for in the contract, and has not tendered them by his pleadings in this suit. His testimony shows that he occupied the land, cultivating, using, and enjoying the fruits thereof, from soon after the date of

the contract until the institution of this suit; that he told some of his neighbors about a year after the execution of the contract that McCrummen had no title to the land, and that the land was as much his as it was McCrummen's; that he was not going to pay for it until he had a title; and that he wished he had contracted for the whole section instead of half of it, as he could have held the entire section as well as he could half. He moved on the land about the last of March, 1909, and began his improvements soon after moving thereon. The record does not sustain the statement made a part of the assignment by appellant. The assignment is overruled.

[4] The fourth and seventh assignments are submitted together, and are as follows:

"Fourth. The court erred in refusing to charge the jury, as requested by appellant, as follows: 'Under the contract between M. C. McCrummen and P. J. Pollard, read to you in evidence, it was a part of the obligation of M. C. McCrummen and the plaintiffs, to make and tender to P. J. Pollard a deed of conveyance to the land in controversy within a reasonable time after $320 worth of improvements were placed on the land, and you are directed that as the plaintiffs admit in their pleadings that the improvements were placed on said land in the spring of 1909, as provided in the contract, you are directed that it was the duty of plaintiffs to make such deed within a reasonable time thereafter, whether it was specially requested by P. J. Pollard or not, and if they did not do so, they have not complied with their contract, and they must pay to said P. J. Pollard such sum, if any, as the land may have been enhanced in value by such improvements.'"

"Seventh. The trial court erred in refusing to instruct the jury as requested by appellant, as follows: 'If you find and believe from the evidence that the defendant, Pollard, has placed permanent and valuable improvements on the land sued for, and that the land has been enhanced in value by reason of such improvements, you will find for the defendant, P. J. Pollard, such sum as you may find and believe the land has been enhanced in value by such improvements.'"

The evidence showed that Pollard had failed to comply with his part of the contract and the charge requested under the fourth assignment was not a proper charge. The court gave the jury in charge the following: "The defendant, P. J. Pollard, claims that he has placed permanent and valuable improvements on the land in controversy, and that said land has been enhanced in value by reason of such improvements, and in this connection you are charged as a principle of law that the defendant, P. J. Pollard, cannot recover for such improvements on the land in controversy if he has himself refused to carry out his contract, and, if the jury find and believe from the evidence that plaintiffs were ready and willing to perform their part of the contract in evidence, and that the defendant refused to perform the contract on his part, then and in that event the defendant would not be entitled to recover anything for the enhanced value of the land by reason of said improvements, and if you so believe you will not allow him anything for the same; but, on the other hand, if you believe from the evidence that the defendant, P. J. Pollard, has complied with the terms of said contract on his part, and is not in default, then you will find a verdict in his favor for such sum as you may believe from the evidence the land has been enhanced in value by such improvements." This was a clear presentation of the law in so far as appellant's rights were concerned, and under the evidence he was not entitled to have either of the special charges set out in the fourth and seventh assignments given to the jury.

[5] By his sixth assignment, appellant insists that the court should have instructed the jury that if they believed from the evidence that the plaintiffs never offered to deliver a deed to the land until after the suit was brought, they would be bound to pay to the defendant the value of the improvements claimed by him. This assignment is not well taken. The record shows that prior to the institution of the suit appellant had repudiated the contract, and the law does not require the doing of a vain thing, but we think the facts sufficiently show a willingness on the part of appellees to comply with the contract by the delivery of a deed at any time appellant had manifested a willingness on his part to consummate the sale.

There being no reversible error, the judgment is affirmed.