MRS. WILLIE FORD ET AL. v. JOHN HACKEL ET AL.

No. 6287.   Decided January 30, 1935.

(77 S. W., 2d Series, 1043.)

*Tom L. Beauchamp,* of Tyler, *Long & Wortham,* and *Dahoney, Beauchamp & Lawrence,* all of Paris, for plaintiffs in error.

There being no evidence that the grantors, J. R. Rutherford and wife, in the deed to Mrs. Hackel recorded the deed, authorized its recording or even knew of it, or that Mrs. Hackel had any knowledge of the existence of such deed or its being recorded until after the death of grantors, or of the subsequent deed by grantors to Mrs. Ford, or the deed by the other heirs of grantors to J. K. P. Campbell, it was error for the Court of Civil Appeals to hold that the mere fact that the deed to Mrs. Hackel as recorded was sufficient to constitute delivery. Koppelmann v. Koppelmann, 94 Texas, 40, 57 S. W., 570; Putty v. Putty, 6 S. W. (2d) 136; City of San Antonio v. San Antonio Academy, 259 S. W., 995; Younge v. Guilbeau, 3 Wall. (U. S.) 636, 18 L. Ed., 262.

It was error for the Court of Civil Appeals to hold that an acceptance of the deed by Mrs. Hackel was presumed by law. Towery v. Henderson, 60 Texas, 295; Tuttle v. Turner, 28 Texas, 759; Doty v. Barnard, 92 Texas, 104, 47 S. W., 712; Sullivan v. Sullivan, 179 Ky., 686, 201 S. W., 24; 8 R. C. L., 988; 18 C. J., 213; 1 Devlin on Deed, sec. 290.

*Moore & Moore,* of Paris, for defendants in error.

The deed must operate by a presumed acceptance unless the plaintiff has established by a preponderance of the evidence that the said Lillian Hackel refused to accept such deed, when the existance of same was made known to her. Taylor v. Sanford, 108 Texas, 340, 193 S. W., 661; Owens v. Jackson, 35 S. W. (2d) 186; Callaway v. Callaway, 23 S. W. (2d) 808; 18 C. J., 213.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit to remove cloud from title, brought by Mrs. Willie Ford and Mrs. Annie Campbell against Mrs. Lillian Hackel, and her husband, John Hackel, with respect to an instrument appearing on the deed records of Pecos County. The instrument purports to be the deed of J. R. Rutherford and his wife, Mattie A. Rutherford, to Mrs. Hackel. The grounds alleged are (1) lack of delivery of the instrument, and (2) lack of acceptance by Mrs. Hackel. The case was tried to a jury, resulting in a judgment for Mrs. Ford and Mrs. Campbell. Mrs. Hackel (joined by her husband) appealed and the Court of Civil Appeals reversed the trial court's judgment and rendered judgment for Mrs. Hackel (48 S. W. (2d) 807).

Omitting details not presently material, the essential facts in testimony are substantially as follows:

Mrs. Ford, Mrs. Campbell, and Mrs. Hackel are the daughters of Mr. and Mrs. Rutherford. Mr. Rutherford died in December, 1916, and Mrs. Rutherford died in 1929. In 1911 Mr. Rutherford and his wife owned a certain section of land in Pecos County. Some annual installments of purchase money due the state were unaccrued and unpaid. The instrument in question purports a present conveyance of said section of land to Mrs. Hackel, in fee simple. As same appears of record, the instrument shows that it was signed and acknowledged by the grantors, in Lamar County, before a notary public of that county, on June 1, 1911; and was filed for record in the office of the county clerk of Pecos County on June 6, 1911, and was recorded the same day. The verity of the notarial certificate, which is in statutory form, is not questioned. The grantors resided in Lamar County. None of the parties to this suit knew of said instrument, or of its appearing of record, until after Mrs. Rutherford died. What became of the original instrument does not appear; none of the parties to this suit ever saw it. The notary public is dead. The only provision contained in the instrument that need be set out reads as follows: "Know all men by these present, that we, J. R. Rutherford and wife, Mattie A. Rutherford, of the County of Lamar, State of Texas, for and in consideration of $1,000.00 to us in hand paid by Mrs. Lillian Hackel, and for love and affection, we have granted, sold and conveyed" etc. Mrs. Hackel never paid the $1,000.00 recited, or promised to do so. After the instrument was filed for record, Mr. and Mrs. Rutherford continued, by their conduct, to treat the land as belonging to them, and, in the year

1915, deeded a half interest therein to Mrs. Ford for a cash consideration. Thereafter, until Mr. Rutherford died, he and his wife, by their conduct, treated the land as belonging to them and Mrs. Ford. After the death of Mr. Rutherford the conduct of his wife, respecting such joint ownership of the land, continued until her death. The land was frequently the subject of discussion between the respective grantors and their daughters, including Mrs. Hackel. Never at any time did either Mr. Rutherford or Mrs. Rutherford call Mrs. Hackel's attention to the deed in question or to the fact that same was recorded, nor, for that matter, to the attention of either of their other daughers. The fact is undisputed that after Mrs. Rutherford died in the year 1929, Mrs. Hackel, for the first time, learned of said deed, whereupon she claimed the land.

At the trial, the trial court concluded that the only fact issue raised by the testimony was in respect to the question of acceptance of the deed by Mrs. Hackel. No special issue respecting delivery of the deed by the grantors was submitted and none was requested. In answer to the single special issue submitted to them, the jury found that Mrs. Hackel did not accept the deed.

■ The rule is firmly established that where the grantor in a deed, which he has signed and duly acknowledged, causes the instrument to be recorded, the presumption arises that he did so for the purpose of giving effect to the instrument as a conveyance; no further act of delivery is required. This presumption may be rebutted by the showing of a different purpose for the putting of the instrument of record, or a showing that the act of the grantor, in causing the instrument to be put of record, resulted from fraud, accident or mistake. Koppelmann v. Koppelmann, 94 Texas, 40, 57 S. W., 570; McCartney v. McCartney, 93 Texas, 359, 55 S. W., 310.

■ However, in the present case, one of the important facts upon which the presumption mentioned depends, namely, that the instrument was filed for record by the grantors, is disputed. There is no positive proof contained in the record before us to show such fact. The evidence in that respect is entirely circumstantial. From the facts and circumstances hereinbefore stated, diverse inferences respecting the fact mentioned are fairly deducible. Regardless of any active presumption concerning the matter, which the following state of facts might create, there can be no doubt that an inference that the grantors caused the instrument to be recorded is fairly deducible from the

fact that the same is a deed of gift from the grantors to their daughter, as will be developed later on, together with the fact that same was filed for record five days after it was signed and acknowledged, and nobody, so far as shown, handled the instrument, or knew of its existence at the time, save the grantors, the notary, and the recording officer. On the other hand, the fact that neither of the grantors ever apprised their daughter, Mrs. Hackel, of the instrument, or of the gift which it purports, together with the subsequent conduct of the grantors respecting the land, as shown above, including their act in deeding part of the land to another daughter, present a state of facts from which an inference may be fairly drawn that the grantors did not know that the instrument was recorded, and therefore did not authorize the recording of it. It is thus seen that the question of delivery of the instrument was one for determination by the jury. The contention of the plaintiffs in error, that there is no evidence to show that the grantors authorized the instrument to be put of record is overruled.

■ Since lack of delivery of the instrument was a ground of recovery relied on by the plaintiffs, Mrs. Ford and Mrs. Campbell, and a fact issue in that respect having been raised, and no special issue respecting said ground of recovery having been requested to be submitted to the jury, said plaintiffs must be held to have waived same, and will not be heard to say now that a delivery of the deed did not occur. Ormsby v. Ratcliff, 117 Texas, 242, 1 S. W. (2d) 1084. This does not mean, however, that such waiver will operate to preclude them from showing, at another trial, that the deed was not delivered. The waiver mentioned pertains to the particular trial from which the present appeal arose. Adkins-Polk Co. v. Rhodes (Com. App.), 24 S. W. (2d) 351; Holland v. Jackson, 121 Texas, 1, 37 S. W. (2d) 726.

Before leaving the subject of delivery, we will notice the contention that Mrs. Ford and Mrs. Campbell admitted in their petition that the instrument in question was put of record at the instance of the grantors. The averment made in the petition, upon which such contention is based, reads as follows: "That said deed was recorded by mistake and inadvertence on the part of J. R. Rutherford and his wife, Mattie A. Rutherford, and without any intention upon their part that the same should be delivered to Mrs. Lillian Hackel or should operate as a conveyance of title to her." Plainly this averment was not meant as an admission of the fact that the instrument was caused to be recorded by the grantors. In a preceding paragraph of

the petition, the fact that the instrument appeared of record in the deed records of Pecos County was alleged as casting the cloud which the plaintiffs were seeking to remove. The averment quoted fairly discloses that the pleader was trying merely to lay a predicate for destroying whatever evidentary force the fact that the instrument appeared of record might have.

■ The question of acceptance of the deed by Mrs. Hackel will now be taken up. As said, this was a ground of recovery set up by Mrs. Ford and Mrs. Campbell. The jury found that such acceptance did not occur. We are aware, of course, that an acceptance of a deed by the grantee is necessary to complete the conveyance purported by the instrument; but, in a proper case, an acceptance will be presumed. With reference to the present case, the instrument, under the circumstances of the case, must be regarded as being purely a deed of gift. The recital to the effect that the sum of $1,000.00 was paid by Mrs. Hackel, as part of the consideration, does not import a condition upon which the conveyance depends. It does not even purport an obligation on the part of Mrs. Hackel to pay said sum. Although the point is not particularly important in this respect, the terms of the instrument do not purport the assumption by Mrs. Hackel of the purchase money debt due the State. The rule is that an acceptance of a deed of gift, by the grantee, will be presumed unless such presumption is rebutted by showing a rejection. Taylor v. Sanford, 108 Texas, 340, 193 S. W., 661; Dikes v. Miller, 24 Texas, 417. The fact that the grantor dies before the grantee learns of the deed, does not affect the operation of said presumption. Taylor v. Sanford, supra. There is no testimony contained in the record to show a rejection of the deed by Mrs. Hackel. There is, therefore, no legal basis in testimony for the jury finding that she did not accept it. Because of this, the judgment of the trial court is erroneous.

■ As seen above, where the grantor in a deed puts the instrument of record, his act in so doing constitutes prima facie proof of delivery. If the instrument be a deed of gift, an acceptance by the grantee will be presumed to have occurred at that time. In a word, the instrument will be presumed to have become effective as a conveyance at the time it was put of record by the grantor, and therefore past recall. For this reason, the contention that, in the present instance, the grantors, in effect, recalled the instrument in question, in the year 1915, by deeding part of the land to Mrs. Ford, is overruled. Lott v. Kaiser, 61 Texas, 665; Newton v. Emerson, 66 Texas, 142; Breckenridge v.

Coffield, 283 S. W., 310 (writ refused); and cases hereinbefore cited.

Because of the error hereinbefore pointed out, the judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court January 30, 1935.