## LEVY v. WINFREE et al.

### No. 10284.

Court of Civil Appeals of Texas. Galveston.
Dec. 9, 1936.

Weslow, Beadle & Keilin, of Houston, for appellant.

PLEASANTS, Chief Justice.

The following sufficient statement of the nature and result of this suit is copied from appellant's brief, together with the allegations of plaintiff's amended original petition:

This suit, as originally filed, and as set forth in plaintiff's first amended original petition, was a suit against J. E. Winfree and wife, Jessie Mae Winfree, as owners, and against A. H. Fulbright, N. J. Burda, the Carter Investment Company, and Houston Realty Sales Company, seeking the following relief:

As against the Carter Investment Company and Houston Realty Sales Company, plaintiff sought to set aside a trustee's deed, under which there had been made a trustee foreclosure under a first lien held against the property involved, the first lien having been held by the Carter Investment Company, and Houston Realty Sales Company, shown by the evidence to have been a subsidiary of the Carter Investment Company, having been the purchaser at the trustee's sale.

A. H. Fulbright and N. J. Burda were made parties defendant as being, respectively, the original trustee and the substitute trustee under the deed of trust under which the sale sought to be set aside had been made.

This trustee deed was also sought to be set aside as against J. E. Winfree and wife, Jessie Mae Winfree, and against them a foreclosure was asked under plaintiff's second lien against the property, to-

gether with a money judgment against J. E. Winfree for the amount owing on the second lien.

In his amended petition plaintiff alleged that the property had been owned by J. E. Winfree and wife, subject to a first lien in the approximate amount of $16,000, and a second lien held by plaintiff in the approximate amount, exclusive of interest and attorney's fees, of $2,300; that, in order to "cut off" plaintiff's second lien and put the property in shape so that a home owners' loan could be obtained, taking up the first lien only; that immediately following the execution. of the trustee's deed under the first lien foreclosure, a new deed had been executed by Houston Realty Sales Company the purchaser under such foreclosure, to Mr. and Mrs. Winfree, retaining new vendor's lien notes for the amount owing on the first lien so foreclosed, such new notes being, first, a note of $14,000, which, it was alleged, had already been assigned to Home Owners' Loan Corporation, and a note of $3,855 to be retained by Houston Realty Sales Company.

Upon the trial of the case, instruments showing the existence of the original liens in question were received in evidence, and no question was raised of the original validity of any of the liens involved, or of their priority. For the limited purpose of showing the nature of the instruments sought to be cancelled, but for no other purpose, plaintiff offered in evidence the trustee deed, the new deed from Houston Realty Sales Company to Mr. and Mrs. Winfree, and the new notes executed by Mr. and Mrs. Winfree, and the assignment of the new $14,000 note to Home Owners' Corporation. Objection was made by the defendants to the offer of the new deed, upon the ground that its delivery was not proven, and, so far as the record shows, it was never definitely received in evidence for any purpose, except to show its contents and terms.

During the progress of the trial, plaintiff dismissed as to all parties except Mr. and Mrs. Winfree, and sought against them only the relief of a money judgment against Mr. Winfree, and foreclosure as against them of his lien against the property.

Upon the conclusion of the trial, the court took the view that, no title being in Mr. and Mrs. Winfree, he could give plaintiff no relief, except a money judgment against Mr. Winfree, and judgment was rendered in favor of plaintiff for such money demand, but refusing plaintiff the foreclosure of any lien, and it is from that part of the judgment refusing a lien that this appeal is prosecuted.

The appeal is submitted upon the following propositions, based upon a sufficient assignment of error:

"Number 1. Where property is subject to a first lien and a second lien, and there is a foreclosure of the first lien, notwithstanding such foreclosure is effective for the time being to cut off the second lien. if the original owner of the property, who executed the notes evidencing both liens and the deeds of trust securing both liens, subsequently, by purchase from the purchaser at the foreclosure sale, re-acquires title to the property, the property, upon such re-acquisition of title thereto, again becomes subject to the original second lien.

"Number 2. The fact that property is subject to a first lien is no obstacle to a foreclosure, as against the owners of the property, of a second lien, such foreclosure, of course, having no effect upon the first lien holder, or his rights.

"Number 3. A deed which has been executed by the grantor, and caused by the grantor to be placed of record, with the understanding that by that deed title is going to pass, upon the happening of a contingency, is deemed to have been delivered, and title thereunder will be deemed to have passed at the time of such delivery.

"Number 4. As between the holder of a note secured by lien against property, and the maker of the note and deed of trust evidencing such debt and lien, if such maker has any interest in the property, notwithstanding such interest may fail to be a completed legal title, such interest is subject to foreclosure."

The following facts are shown by the record:

By a mechanic's lien contract, dated June 9, 1927, between J. E. Winfree and wife, as owners, and the one Carl Curts, as contractor, the mechanic's lien was fixed against the property therein described, being the property involved in this suit, to secure the payment of two notes, a note of $15,000, and a note of $10,000, such notes being further secured by a deed of trust. By assignment appended to the contract, such notes and liens were assigned to Gulf State Bank of Houston. By renewal and extension agreement, dated October 31,

1927, between J. E. Winfree and wife and Gulf State Bank, the $15,000 note was rearranged to be payable in annual installments. By assignment, dated October 31, 1927, the $15,000 note, as so rearranged, was assigned by the bank to Carter Investment Company, the assignment providing that the liens securing the $15,000 note should be prior and superior to the liens securing the $10,000 note and securing a certain other smaller note then held by the bank, not material to the questions presented by this appeal. By assignment, dated February 15, 1928, all of the assets of Gulf State Bank were conveyed and assigned to Guaranty Trust Company, which, by amendment to its charter dated the same date, changed its corporate name to City Bank & Trust Company. By collateral assignment, dated February 6, 1930, the note of $10,000 was assigned to Julian A. Weslow, at the request of J. E. Winfree, to secure the said Weslow in the payment of $2,300 that day recited to have been borrowed by Winfree from Weslow.

Plaintiff placed in evidence the note of J. E. Winfree, payable to the order of Julian A. Weslow, dated February 6, 1930, the same date as the assignment just referred to, in the amount of $2,300, due one year after its date, and containing recital that it was collaterally secured by the $10,000 note described in the assignment, and being the mechanic's lien note of $10,-000, which had been executed by J. E. Winfree under the mechanic's lien contract, above referred to. Plaintiff placed in evidence the $10,000 mechanic's lien note in question, which note bore the indorsement of Carl Curts and City Bank & Trust Company. Plaintiff further offered in evidence a renewal and extension agreement between J. E. Winfree and wife and plaintiff, Rene S. Levy, dated March 9, 1932, under which the payment of the $2,300 note, together with interest from February 6, 1931, was extended to February 6, 1933, and the mechanic's and materialman's lien securing the same again acknowledged.

Julian A. Weslow testified that at the time the note of $2,300 was executed and the $10,000 note collaterally assigned by the bank to him, Mr. Winfree was in arrears with the bank; that the bank was going to foreclose; that Mr. Winfree asked him, that is, Mr. Weslow, to assist him in getting the money to pay the bank, and that the witness obtained from Mr. Levy, the plaintiff in the case, the loan of $2,300, to be secured by the mechanic's and materialman's lien which the bank then held on the property, and that immediately upon receiving the $2,300 from plaintiff, the witness took the $2,300 note executed by Mr. Winfree, procured the assignment from the bank, and delivered the $2,300 note to the plaintiff in return for the money. He testified that the agreement was that Mr. Levy should have the same lien and the same security that the bank already had.

The defendant J. E. Winfree, as a witness for plaintiff, testified that the understanding was that Mr. Levy was taking up the loan which the bank held. There was then offered, not generally, or as an admission of its validity or effectiveness, but for the limited purpose of showing the terms and contents of the instrument, the trustee's deed executed upon foreclosure of the first lien note.

The plaintiff testified that no payments had been made upon the note, except certain specific payments on interest.

There was then offered in evidence by the plaintiff, and finally admitted by the court, subject to the objection raised by counsel that its delivery had not been proven, the deed from Houston Realty Sales Company, which was in form of a deed to Jessie Mae Winfree, as her separate property and estate, and retaining vendor's lien therein described and recited to have been executed by J. E. Winfree only pro forma. Although this deed contained a recital that it was executed upon a consideration of a cash payment made by Mrs. Winfree out of her separate funds and of notes executed by her, joined pro forma by her husband, J. E. Winfree, W. T. Carter, Jr., president of Carter Investment Company and of Houston Realty Sales Company, testifying as a witness for the plaintiff, testified that there was no cash paid at the time of the conveyance, and that they had no negotiations at all with Mrs. Winfree in connection with the transaction, but that their negotiations were entirely with Colonel Winfree; and the notes of $14,000 and $3,855, respectively, referred to in the deed, and executed as the real consideration of the conveyance, instead of being notes of Mrs. Winfree, joined pro forma only by her husband, were the joint and several notes of J. E. Winfree and Jessie Mae Winfree.

There were no pleadings on behalf of either Mr. or Mrs. Winfree seeking to

avoid the foreclosure prayed for as against them on the ground that they had no title to the property, which was apparently finally the ground upon which the court refused plaintiff his foreclosure, their answer in the suit consisting only of a general demurrer and general denial.

As we understand this record, it presents no questions of fact upon the controlling issues in the case, in that reasonable minds cannot differ in the conclusions to be drawn from the evidence as a whole.

The evidence shows that prior to the foreclosure by the Carter Investment Company of its first lien on the land in controversy, appellant's assignor held a second lien on the land, and that following the foreclosure of this first lien, there was a reconveyance to appellees Winfree and new notes executed by them in favor of the Carter Investment Company. One of these notes was then transferred by the Carter Investment Company to the Home Owners Loan Association, and the other to the holder of the second lien. The manifest purpose of these proceedings was to enable the investment company and appellees Winfree to obtain the more favorable government loan, and to preserve the rights of the second lien holder.

The evidence before set out conclusively shows that the $2,300 note was secured by a second lien upon the property in controversy, and that the validity of such note and lien was not only unquestioned but was fully acknowledged by J. E. Winfree, with whom all negotiations in the procurement of the loan and the transfer of the second lien note held by the City National Bank & Trust Company was had. As we have before stated, we do not think reasonable minds can differ in the conclusion from the evidence before set out, that when plaintiff paid his money to the bank in payment of the money due it by appellee Winfree, he obtained the security for the second lien held by the bank to secure the Winfree indebtedness to it.

The rule of decision upon which appellant's first proposition is based seems to have been first recognized and applied by our courts in the case of Beitel v. Dobbin, 44 S.W. 299, in an opinion by Justice Neill of the San Antonio Court of Civil Appeals, one of the ablest of the great judges who have adorned the appellate bench of this state. Our Supreme Court, by its denial of a writ of error in that case, affirmed the soundness of the rule announced. The principles upon which the rule is based are, we think, so in accord with reason and justice that its legal soundness cannot be doubted. In the case of Kerr v. Erickson, 24 S.W.(2d) 21, 22, our Supreme Court, speaking through Judge Critz, then a member of the Commission of Appeals and now an Associate Justice of the Supreme Court, broadens and clarifies the rule. The opinion in the Kerr Case, supra, makes the following declaration of the legal principles underlying the rule:

"It has been held that a purchaser of property subject to two mortgages, who assumes their payment as a part of the purchase price, cannot purchase the property at a sale under the first mortgage, and then claim title against the second mortgage. Beitel v. Dobbin (Tex.Civ. App.) 44 S.W. 299 (writ refused). We can think of no good reason why a different rule should apply just because title is taken from the person who bought at the execution sale instead of direct. In either event, it would be contrary to good conscience, and inequitable, to permit such party to plead the after-acquired title against his own solemn contract."

As before shown, the trial court rendered judgment in favor of appellant against J. E. Winfree for the full amount of the principal and interest due upon the $2,300, but declined to establish and foreclose against appellees the lien given by them on the property in question, apparently on the ground that sufficient proof of the delivery of the deed from the Carter Investment Company to the appellees was not shown by the evidence.

We think the undisputed evidence before set out shows sufficient delivery of this deed. The deed conveying the property to Mrs. Winfree was executed on June 30, 1934, and acknowledged on July 5, 1934. This deed was recorded at the request of W. T. Carter, the president of the Carter Investment Company, and after being recorded was sent to the attorney representing the Home Owners Loan Corporation for his examination. The same day that the deed was executed there was executed by Mr. and Mrs. Winfree the two notes described in the deed, payable to the order of Houston Realty Sales Company, the agent and subsidiary of the Carter Investment Company, one of

these notes being for the sum of $14,000 and the other for $3,855.

It seems to be well settled that when a grantor places a deed on record such constructive delivery is sufficient to entitle the grantee to all of the rights he could have acquired under the deed if it had been actually delivered to him. Russell v. Beckert (Tex.Civ.App.) 195 S.W. 607; Callaway v. Callaway (Tex.Civ. App.) 23 S.W.(2d) 808; Ford v. Hackel, 124 Tex. 402, 77 S.W.(2d) 1043.

It follows from these conclusions that the judgment of the trial court refusing to recognize and enforce against appellees appellant's second lien on the property in question should be reversed and judgment here rendered in favor of appellant enforcing his second lien as against appellees.

The judgment in favor of appellant against appellee, J. E. Winfree, on his note, not being appealed from is undisturbed.

Judgment has been so ordered.

Reversed and rendered.