MRS. BONA WHEELER ET AL. V. J. C. HARALSON ET AL.

No. 6779.   Decided January 6, 1937.
(99 S. W., 2d Series, 895.)

*N. C. Walker,* of San Saba, for plaintiffs in error.

The agreement on the part of a married woman to assume and pay all the debts due by the estate of the father and mother, deceased, of grantors and grantees in a deed, secured by a lien on lands owned by such ancestors during their life time and in which said grantors and grantees own equal undivided interest by inheritance from such ancestors, such debts so assumed being in part the individual indebtedness of the husband of such married woman and the father of such parties, as surety, and in part a community debt of the ancestors, upon which the husband was surety, and partly for debts contracted by the husband after his wife's death for his own and the others' benefit, was a valuable consideration sufficient to support a general warranty deed, executed by certain of the children of the deceased parents to their sister, a married woman, under which she went into possession and made substantial payments on such indebtedness. Edwards v. Roberts, 209 S. W., 251; Taber v. Dallas County, 101 Texas, 241; Big Four Ice & Cold Storage v. Williams, 9 S. W. (2d) 178; Hitson v. Gilman, 220 S. W., 140; Speer's Law of Marital Rights in Texas, 236, par. 186.

*H. E. Chesley,* of Gatesville, *F. P. Bowman,* of Goldthwaite and *Geo. W. Barcus,* of Waco, for defendants in error.

Mrs. Wheeler did not obtain either the title or possession of the property in controversy under an onerous contract, and the trial court should not have, under the record, awarded her title to the property on the theory that she had obtained title thereto from J. C. Haralson and others under and by virtue of the deed which they executed and delivered to Mrs. Wheeler. Mitchell v. Federal Mort. Co., 45 S. W. (2d) 649; Hirshfeld v. Evans, 56 S. W. (2d) 683; Street v. Robertson, 66 S. W., 1120; 22 C. J., 1172, 1283, and 10 R. C. L., 1059.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Defendants in error, J. C. Haralson and others, were plaintiffs in the trial court, and will be so designated here. Plaintiffs in error, Mrs. Bona Wheeler and husband, were defendants and will be designated as such here. Plaintiffs sued defendants to recover a 4/5 interest in certain lands in Mills County, Texas. Judgment of the district court was in favor of the defendants, but this judgment was reversed by the Court of Civil Appeals and the cause remanded. 70 S. W. (2d) 748.

We find it wholly unnecessary to set out an extended state-

ment of the facts. Such statement is found in the opinion of the Court of Civil Appeals. Briefly, the pertinent facts are these: On September 27, 1927, the lands in question were encumbered by liens previously executed by D. I. Haralson. The plaintiffs claimed by inheritance through said D. I. Haralson and his wife, Sarah Haralson, both of whom were dead on the date mentioned. Some of the indebtedness for which a lien existed affected the interests which plaintiffs acquired through Mrs. Sarah Haralson, but most of said indebtedness affected only the interest acquired through D. I. Haralson. On September 27, 1927, plaintiffs executed to Mrs. Wheeler a general warranty deed conveying all of their interests in the lands in question. The consideration for this deed was recited to be as follows: "In consideration of the said Mrs. Bona Wheeler assuming and agreeing to pay all the legal debts owing by the estate of D. I. Haralson and wife, Mrs. Sarah A. Haralson, deceased, secured by lien on the lands hereinafter described."

After the execution and delivery of this deed to Mrs. Wheeler she, as administratix of the estate of D. I. Haralson, sold the lands in question to San Saba National Bank in satisfaction of the indebtedness against said lands. The bank in turn reconveyed the lands to Mrs. Wheeler, reserving a vendor's lien. The amount for which this lien was retained was practically the same amount as the indebtedness which the bank previously held. While it appears that this method of handling the matter was probably adopted for the purpose of fixing a vendor's lien to secure the bank, yet the validity of the deeds mentioned is not attacked.

The basis of plaintiffs' suit is that plaintiffs conveyed their interests in these lands to Mrs. Wheeler to enable her to "refinance the ancestral indebtedness against the said lands, with the full and explicit understanding that when the same was done she was to reconvey to plaintiffs their respective interests in said lands," subject to said lien indebtedness. Plaintiffs claimed that because of the alleged agreement on the part of Mrs. Wheeler to reconvey to them their interests, after the indebtedness was refinanced and secured, created a trust, and by virtue of this trust they were entitled to recover their interests in the lands. In the brief filed in the Court of Civil Appeals plaintiffs say that they do not ask that they have title to said property clear of the indebtedness thereon secured by lien, but the only purpose of the litigation is to require Mrs. Wheeler to convey to them their undivided interests in said property encumbered with the liens which she has placed there-

on. It is thus seen that plaintiffs have fully ratified the validity of the existing vendor's lien retained by the bank in conveyance to Mrs. Wheeler, and this necessarily constitutes a recognition that the deed of September 27, 1927, conveyed, as it purported to do, the complete legal and equitable title to their interests in the lands, subject to a parol agreement on the part of Mrs. Wheeler to reconvey.

■ Mr. Pomeroy in his Equity Jurisprudence points out with much clearness that fundamentally there can be no trust in real property without a separation of the legal title from the beneficial interest, or equitable title. This rule is stated in numerous cases cited in 65 Corpus Juris, pages 618, section 7 under Note 97. In the case of McCamey v. Hollister Oil Co., 241 S. W., 689, affirmed in 115 Texas, 49, 274 S. W., 562, the same rule is announced. In the present case it conclusively appears that plaintiffs by their deed of September 27, 1927, parted with the legal and equitable title, and it is immaterial that there may have been a promise on the part of the grantee to reconvey. No trust was thereby created, and the parol promise to reconvey was within the statute of frauds. The case of Foster v. Ross, 33 Texas Civ. App., 615, 77 S. W., 990, in which writ of error was refused, is in principle in point. In that case there was an agreement by a vendor, who had reserved a lien in his deed, to secure a part of the purchase price, to buy the land in at foreclosure sale in full satisfaction of his judgment, and to deed the land to the original purchaser upon payment of a stipulated amount. It was held that this did not create a trust, and that the oral promise to reconvey was within the statute of frauds. See also Dietrich v. Heintz, 44 Texas Civ. App., 602, 99 S. W., 417 (Writ refused); Robbins v. Winters, 203 S. W., 149; Davis v. Holloway, 317 Mo., 246, 295 S. W., 105; Young v. Kansas City Life Insurance Company, 329 Mo., 130, 43 S. W. (2d) 1046.

We do not have here a case where property was conveyed without consideration to be held for a specified purpose, the equitable title remaining in the vendor, but do have an absolute conveyance, for a valuable consideration, with no reservation of the equitable title. If this were not true the purpose to create a valid lien upon the entire estate, including the interests of plaintiffs, would have been defeated. It follows that no trust was created or resulted, and plaintiffs were left with only an oral promise to reconvey. This promise being within the statute of frauds could not be enforced.

■ For the reasons stated herein the judgment of the trial court should be affirmed, even though that court in its judgment gave another reason for its actions, and it becomes unnecessary to discuss other very interesting questions submitted in the application for writ of error.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court January 6, 1937.