**AUSTIN et al. v. AUSTIN et al.**
No. 11536.

Court of Civil Appeals of Texas. Galveston.
July 22, 1943.

Rehearing Denied Nov. 4, 1943.

Adams & Morgan, of Crockett, for appellant.

Aldrich & Crook, of Crockett, for appellees.

CODY, Justice.

This is a suit to partition four tracts of land in Houston County, brought in June, 1942, by Obelia Tarner, Yancy Austin, Jr., and Iona Jenkins (joined by her husband), hereafter called plaintiffs, against LeGory Austin (and wife), hereafter called defendant. Plaintiffs and defendant are the sole surviving children of Yancy Austin, Sr., and Georgia Austin, hereafter referred to as father and mother. The father died in March, 1926, and the mother in June, 1934. Both died intestate. With respect to three of the four tracts there is no dispute; with respect to them, it is undisputed that when the father died each of the parties to this suit inherited an undivided one-eighth interest; and it is further undisputed that when the mother died each party inherited an additional one-eighth, making each party an owner of an undivided one-fourth interest in each of aforesaid three tracts. The court entered the appropriate judgment with respect to said three tracts of land, and, as no objection is made to the judgment in so far as said three tracts of land are concerned, the judgment with reference to said three tracts is affirmed;—the remainder of this opinion is concerned only with the judgment of the court in so far as it relates to the fourth tract, consisting of 101.5 acres of land.

With respect to the fourth tract of land, hereafter referred to as the land involved, plaintiffs alleged in substance: That defendant is asserting title to it, to the exclusion of plaintiffs, in virtue of a certain instrument in writing, dated November 1, 1921, purporting upon its face to be a general warranty deed executed by the father and mother, conveying the land to defendant, upon the recited consideration of defendant's four promissory notes of even date with said deed, each for the principal sum of $250, and payable to the order of the father in one, two, three and four years, and each secured by the vendor's lien retained in said purported deed. That said purported conveyance was a simulated transaction for the purpose of enabling the father to fix a vendor's lien upon said land to secure the payment of notes to be pledged as collateral security on a loan he then owed to one J. S. Shivers. That it was never intended by the parents and defendant that said instrument should operate as a conveyance, but it was intended that the real title should remain in the grantors in said deed. That neither said deed nor the possession of the land was ever delivered to defendant. That defendant did not assert any title to said land in virtue of said deed until long after the death of his parents. That the purported consideration moving from the defendant to his parents for said deed did not include any cash. That none of the vendor's lien notes were ever paid by defendant. That the parents rescinded the purported conveyance, and the fee simple has ever remained in the parents of the parties to this suit until their deaths, and after their deaths, in their heirs. Plaintiffs' petition enumerates various dealings with the property by their parents in their lifetime as evidencing a rescission of the purported conveyance, and various dealings of defendant with plaintiffs in connection with said land as recognition by defendant of said rescission.

Aside from various special exceptions not here material, defendant's answer consisted of a general denial, a plea of not guilty, a plea that plaintiffs were seeking to cancel or rescind said deed more than four years after its execution, and that a suit for rescission was barred by the four years statute of limitations.

We will refer to the pleading of the intervenors subsequently.

At the conclusion of the evidence defendant moved for an instructed verdict upon the following grounds:

1. That the undisputed evidence showed that the deed was duly recorded in the deed records of Houston County, which established prima facie that the deed had been delivered to defendant, and that he had accepted it.

2. That the deed and its delivery to defendant vested the title to said land in defendant, and in the absence of pleading and proof of fraud, accident or mistake, parol evidence was inadmissible to show that there was no intention that title should pass by said deed.

3. That the statements and actions of the parents, grantors in said deed, made

after the delivery of said deed were mere hearsay, and are inadmissible to disparage the title after it had passed by said deed to defendant; that the evidence of the statements and acts of defendant, grantee in said deed, tending to show that he claimed but one-fourth of said land, is insufficient to show that he repudiated the title vested in him by said deed, and could not constitute a reconveyance of said land.

Defendant's motion for an instructed verdict was refused, and the cause was submitted to the jury upon Special issues in response to which the jury found:

1. That the deed from the father and mother to defendant, dated November 1, 1921, was executed by them for the sole and only purpose of creating a lien on the land to secure the indebtedness owing by the father to J. S. Shivers.

2. That defendant accepted the deed for the sole purpose of assisting his father in creating a lien on the land to secure the indebtedness then owing by the father to J. S. Shivers.

3. That some of plaintiffs knew defendant was claiming the whole or entire title to the land more than four years before the filing of the suit.

The court rendered judgment that he construed the verdict in favor of plaintiffs and intervenors, and "finds that the deed from Yancy Austin and wife, Georgia Austin, to LeGory Austin, dated November 1, 1921, was made for the sole purpose of using the vendor's lien notes as shown in said deed and offered as evidence in this cause, as security for a debt owing by Yancy Austin to J. S. Shivers, and that no part of the consideration for said land was ever paid by defendant, LeGory Austin."

The Court further found in his judgment that this is a suit by plaintiffs and intervenors for 7/8ths interest in the land here involved, as well as for the partition thereof and for the partition of the other three tracts.

Defendant has appealed, assigning twenty-three points on which he urges the reversal of the judgment. Because of their length it is impossible to set forth these points.

Upon the trial plaintiffs' evidence was to the effect that at the time the father and mother executed this deed, the father was indebted to J. S. Shivers, who was demanding security. It further shows that Shivers told the father to sell a piece of land to one of his children in order to get vendor's lien notes with which to secure the land; that the father, after the deed was executed, took the deed to the County Clerk for recordation, and that after it was recorded, the deed was redelivered to the father by the Clerk, and that the defendant never got possession of it. That in March, 1922, the notes of defendant, together with vendor's lien securing their payment were pledged, by a written assignment to Shivers, to secure the Shivers' loan. That the loan was not completely paid off before the father's death in 1926, but was finally paid off, and the notes were redelivered to the mother, and were in her possession at the time of her death, and have never been returned to defendant, and such loan was paid by the father and mother.

Plaintiffs' evidence further showed that possession of the land was never delivered to the son, but retained by the father until his death, and retained by the mother and the father's heirs until her death, and retained by the heirs of the father and mother until shortly before this suit was instituted. Such evidence further shows: That in connection with another loan (to a Bank) the father stated in writing that he owned this land. That he and his wife executed an oil, gas, and mineral lease thereon in 1925, and retained the consideration therefor. That he paid taxes thereon until the time of his death. That after his death his wife paid one-half of the taxes thereon, and his heirs each one-eighth thereof. That defendant, after his father's death, sold a one-eighth interest in said land to one Spink (the predecessor in interest of intervenors), reciting therein that it was his interest therein derived from his father, as his mother was still living. That after his mother's death, defendant paid one-eighth of the taxes, and the plaintiffs one-fourth thereof. That on August 12, 1936, defendant joined plaintiffs in executing an oil, gas and mineral lease thereon, and suffered each plaintiff to receive one-fourth of the consideration, making no claim thereto. That at one time, after their mother's death, the parties contemplated partitioning the land inherited from their parents which was not consummated, and at that time defendant made no claim that this land should not be included. That plaintiffs never knew until in March, preceding the filing of this suit, that defendant claimed to own this land in virtue of the deed of November 1, 1921.

Defendant's testimony was that plaintiffs knew all the time that he owned this land.

We will undertake to set forth his position on appeal in the following two paragraphs.

Defendant's primary position is that the instrument in writing, dated November 1, 1921, is a general warranty deed in common form, by the terms of which his mother and father conveyed the land to him. That it was duly executed by his mother and father is not denied. The fact of its delivery to him was established prima facie by proof that his father deposited it for recording in the office of the County Clerk of Houston County. Ford v. Hackel, 124 Tex. 402, 77 S.W.2d 1043, 1045; Koppelmann v. Koppelmann, 94 Tex. 40, 57 S.W. 570. The grantors in the deed could not themselves, if living, dispute the title they conveyed thereby, and plaintiffs, as their heirs, may not do so. Parol evidence may not be introduced to try to show an intention, in contradiction of the express terms of the deed, that title should not pass from grantors to grantee in said deed. Rabb v. Rabb, 108 S.W.2d 440. Where a deed, duly executed and delivered, recites a contractual consideration, parol evidence cannot be received to vary or contradict such recital. Hillman v. Graves, Tex.Civ. App., 134 S.W.2d 436; Lott v. Kaiser, 61 Tex. 665, 666.

Defendant further urges that the proof that his father assigned the vendor's lien, given by defendant as the consideration for the conveyance, to secure the Shivers' loan constitutes proof of ratification of said deed, as defendant was thereby rendered liable upon said notes. Wheeler v. Haralson, 128 Tex. 429, 99 S.W.2d 885. See Small v. Brooks, Tex.Civ.App., 163 S.W.2d 236. Defendant's notes matured, respectively, in 1922, 1923, 1924 and 1925, and he contends that four years thereafter they must be conclusively presumed to have been paid. R.S.Art. 5520; Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95, 100. Defendant contends that plaintiffs' allegations that his notes were not paid, for which cause they allege the father rescinded the conveyance, is a plea of failure of consideration, requiring their petition to be verified. Sec. (j), Rule 93, Texas Rules of Civil Procedure. Defendant urges that this is a suit by plaintiffs for the cancellation or rescission of the deed of conveyance of November 1, 1921, and is barred by the four years statute of limitations.

■ Plaintiffs' suit is not one for rescission of the deed of November 1, 1921. We think that plaintiffs might, with profit, have pled their cause of action less elaborately than they have. The substance of their cause of action is: That while the said deed yet continued to be a mere executory contract for the purchase of the land, and while the purchase price provided for in said contract was in default, the father rescinded said contract, and the title to the land never passed out of the vendors. That the said contract of purchase, in the form of a general warranty deed, though rescinded by the father, constitutes a cloud upon plaintiffs' title, as the heirs of the grantors therein, and which, having no validity, should be removed.

Plaintiffs, however, as they had the right to do, pled their version of the facts fully. It will hereafter be shown why their pleadings included the allegation to the effect that the parties to the deed never intended it to become operative as a deed of conveyance, but that it was executed for the purpose of fixing a vendor's lien against the land, which vendor's lien was to be assigned as collateral security for the Shivers' loan; and then, to effect such intention that title should not pass to defendant, while defendant was in default on the vendor's lien notes (which it was never intended that he should pay), the executory contract for the purchase of the land was rescinded by the father, and the title never passed into defendant.

It is apparent, therefore, that plaintiffs do not seek by their suit to have the court rescind the deed, but they sue upon the basis that the father had, without resort to the courts, rescinded such deed while it yet remained an executory contract. Therefore plaintiffs' suit is not barred by the four years statute of limitations.

What has been said also sufficiently disposes of defendant's contention that plaintiffs' petition should be verified because it seeks a rescission or cancellation of the deed based upon a plea of failure of consideration. We do not, however, pass on whether, had this been a suit for rescission of an executory contract for the purchase of land, that the allegation that defendant had defaulted on his notes, the same would have constituted a plea of failure of con-

sideration. Nor do we pass on whether, in the absence of a special exception urged in the trial court, defendant could raise the point on appeal.

■ Under plaintiffs' theory of this case the instrument of November 1, 1921, never became a deed of conveyance. This, because it was rescinded by the father when defendant defaulted on his notes. Our Supreme Court has uniformly held from the earliest times that a deed of conveyance in which the vendor retains a vendor's lien to secure the payment of the purchase price is but a contract for the purchase of land, and that no title passes thereunder. Johnson v. Smith, Tex.Sup., 280 S.W. 158, and cases there cited. The vendor can rescind such contract when the vendee defaults thereunder by parol, and without notice to the vendee. Id.; Kennedy v. Embry, 72 Tex. 387, 10 S.W. 88. When an executory contract for the purchase of land has been rescinded by the vendor because of the vendee's default in the payment of the purchase price, it ceases to have any validity. Since it could be rescinded by parol, proof of such rescission can be made by parol. It was held by the Supreme Court in Thompson Co. v. Sawyers, 111 Tex. 374, 379, 234 S.W. 873, 875: "* * * the parol evidence rule applies to prevent varying or changing the terms of a valid written instrument, but that the rule does not operate to prevent the admission of parol evidence to establish that a written instrument is vitiated or rendered voidable by fraud." The same rule necessarily applies where a written instrument has lost its validity because rescinded, and no issue of fraud is in the case. It was therefore no violation of the parol evidence rule to permit plaintiffs, in connection with their allegations and proof that the contract of purchase was rescinded by the vendor for failure to pay the purchase price, to prove their allegation that there was a parol agreement between said vendor and vendee that it was never contemplated that said notes would be paid, etc.

That the parol agreement between his father and defendant, to the effect that the contract for the purchase of the land should be a mere simulated one, entered into merely to enable the father to fix a lien upon the land to be used as collateral security, was unenforceable so long as it remained executory, is obvious. But after such parol agreement became executed, it was no objection to its validity as an executed contract that, while executory, it was unenforceable. Before the contract for the purchase of the land was rescinded, the defendant, by reason of the parol evidence rule, could have stood upon its legal form and tendered payment of his notes, and thereby have transformed the executory contract into an executed contract, i. e., into a deed of conveyance. The father could also have repudiated the aforesaid parol agreement, and have enforced the notes. But according to plaintiffs' version of the case, the father and defendant loyally lived up to said parol agreement to the effect that the contract for the purchase of land would never be consummated into a real conveyance, which parol agreement, in its nature, was, until executed, a mere gentlemen's agreement.

■ As shown above, the jury, by their answers to Special Issues Nos. 1 and 2, found that the mother and father executed the deed in question, and defendant accepted it, for the sole purpose of creating a lien against the land to be used to secure the Shivers' loan. The trial court made an independent finding that the vendor's lien notes were never paid, and rendered judgment awarding to plaintiffs such title in the land as they were entitled to therein as heirs of their mother and father. The court therefore necessarily found that the deed of November 1, 1921, was rescinded by the father while it remained an executory contract. There was sufficient evidence to sustain all issues in the case which are necessary to support the judgment, and they are deemed as found in such manner as will support the judgment. Rule 279, Texas Rules of Civil Procedure.

■ There is no merit in defendant's contention that the assignment of the vendor's lien notes by way of pledge to secure the Shivers' loan constituted a ratification of the deed. This is true, because, according to plaintiffs' version of the case, the whole purpose of the transaction was that such assignment should be made. Had defendant been compelled to pay said notes while they stood pledged in the hands of the pledgee, a different situation would be presented. But the father, in his life time, and the mother and the father's heirs after his death, protected defendant against such payment.

The judgment is affirmed.

Affirmed.

On Motion for Rehearing.

Defendants (appellants) urge upon motion for rehearing that the question of whether the deed of November 1, 1921 ("the contract of sale"), was rescinded, is an ultimate issue and should have been submitted to the jury by plaintiffs (appellees), and is not a matter which can be resolved by the court.

Under plaintiffs' theory of the case, which the jury accepted and established by their answers to Special issues Nos. 1 and 2, the deed in question was executed as, and was intended to be, a mere mortgage, and was so accepted by defendant. Thus, though said deed was in form a "contract of sale", by the understanding of the parties to it, it was a mortgage. That said "contract of sale" should be rescinded and not ripen into a conveyance was a mere incident to the understanding that it should in reality be a mortgage.

We overrule the motion for rehearing.