J. D. AMEND et al., Appellants,

v.

Leah E. KAY et al., Appellees.

No. 6689.

Court of Civil Appeals of Texas.

Amarillo.

June 24, 1957.

Rehearing Denied Sept. 9, 1957.

Sanders, Scott, Saunders & Smith, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellees.

PITTS, Chief Justice.

This is a suit challenging the validity of a deed. On August 11, 1954, Leah T. Amend, mother of appellants, J. D. Amend and Finis W. Amend, and of appellees, Leah E. Kay and Winfield Scott Amend, Jr., executed a deed by the terms of which she conveyed to the said appellees certain town lots in Canyon, Texas, together with her home residence located thereon, reserving a life estate therein to herself as grantor. Thereafter grantor died on August 30, 1954, and appellees later sold the said town lots with the improvements thereon for a net sum of $7,537.45. Appellants thereafter on December 30, 1955, filed suit against the said appellees, together with R. C. Kay, the husband of appellee, Leah E. Kay, claiming an equal interest as heirs of grantor in the proceeds of the sale of grantor's former home place, alleging the said deed executed by Leah T. Amend was void because of the mental incapacity of grantor to execute the deed, because of undue influence exercised by appellees upon grantor and because of the failure of delivery of the deed. By their pleadings appellees joined issues with appellants. The case went to trial on August 13, 1956, before a jury, at which time appellants withdrew their allegations of mental incapacity of grantor and of undue influence exercised upon her and relied upon "the sole issue of whether or not there was a delivery of the deed sufficient under the circumstances to pass title to the grantees" (or appellees). At the close of the evidence the case was by agreement of the parties withdrawn from the jury and all matters of fact as well as of law were submitted to the trial court for determination.

Upon considering the evidence, the statements of counsel and trial briefs submitted by counsel for both parties, the trial court on November 7, 1956, rendered judgment finding and concluding that a valid delivery of the said deed had been made and therefore denied appellants any recovery, from which judgment they perfected an appeal and have presented several points of error challenging the actions and judgment of the trial court. At the request of appellants, the trial court made and filed its findings of fact and conclusions of law, which will be hereinafter referred to in connection with assignments considered.

The record reveals that Leah T. Amend was a widow and the mother of four children, two of whom are appellants herein and two are appellees herein. She owned realty consisting of her home place at Canyon here involved and two tracts of land including mineral rights in Sherman County, Texas, consisting of Sections 14 and 16, Block 3-T of T & N O Ry. Co. Survey, with Section 14 being a short section containing only 480 acres with certain excess lands lying north of and adjacent to Section 14 and claimed by Leah T. Amend. Prior to executing the deed here involved, Leah T. Amend had ex-

ecuted her will naming appellants as equal beneficiaries of Section 16 a part of which was agricultural land according to a companion case, Amend v. Amend, Tex.Civ. App., 299 S.W.2d 759, previously before us, and naming appellees as equal beneficiaries of Section 14, the short section, but on June 30, 1954, she likewise executed a deed conveying to appellees her interest in that portion of excess land lying north of Section 14 but reserving a life estate therein to herself as grantor. Thereafter on August 10, 1954, Leah T. Amend directed her attorney, Hon. J. D. Barker, to prepare for her execution a deed conveying to appellees the land and improvements here involved, the same being her town lots and home place in Canyon, Randall County, Texas, which he did and she signed and acknowledged its execution the next day, after which she on the same day delivered the deed to J. D. Barker with instructions for him to place the deed of record in Randall County, Texas, at any time he thought proper prior to her death but as near the end of time for her as possible and to tell the children about it when he thought it was advisable. Barker informed the grantee and appellee herein, Leah E. Kay, on or about August 17th or 18th, 1954, of the existence of the deed and her mother's instructions about the matter and she agreed that her mother's instructions should be carried out. Barker thereafter filed the deed for record in Randall County at 8:30 A.M. o'clock on August 30, 1954, before the grantor died at 1:45 P.M. o'clock the same day.

Appellants charge that the trial court erred in holding, as a matter of law, that there was a delivery of the deed when it had never left the control of grantor and was subject to her recall. They likewise contend that there is no evidence to support some of the trial court's findings.

The trial court in support of its judgment found that J. D. Barker prepared the deed in question in accordance with the instructions of Leah T. Amend and that she

executed it as previously herein stated and it likewise further found that:

"4. After the execution and acknowledgement of the deed by Leah T. Amend, she delivered the deed to J. D. Barker with instructions for him to place the deed on record in Randall County at any time he thought proper but prior to her death.

"5. J. D. Barker informed the grantee Leah E. Kay on either August 17 or 18, 1954, of the existence of the deed and of Leah T. Amend's instructions. On that occasion Leah E. Kay accepted the conveyance and agreed with J. D. Barker that the deed should not be immediately placed of record.

"6. The deed of conveyance was filed for record by J. D. Barker at 8:30 A.M., August 30, 1954, prior to the death of Leah T. Amend.

"7. When Leah T. Amend executed and acknowledged the execution of the deed and gave the same to J. D. Barker with instructions for him to record it in Randall County, she intended for the title to the property described in the deed, subject to the life estate reserved in the deed, to pass to the grantees.

"8. Leah T. Amend died at 1:45 P.M., August 30, 1954.

"9. The defendants Winfield Scott Amend, Jr., and Leah E. Kay have sold the real estate described in the deed for a gross amount of $8,000.00 and have incurred expenses of sale in the amount of $462.55, leaving a net amount of $7,537.45 as proceeds from the sale. Plaintiffs are seeking a judgment against the defendants for $3,768.73."

As a result of such findings the trial court concluded that the remainder title to the realty described in the deed, subject only to the life estate reserved by grantor,

passed to appellees as grantees, for which reasons appellants were not entitled to recover.

In support of their claims, appellants offered the testimony of Hon. J. D. Barker, who testified on direct examination about his having represented Leah T. Amend professionally for several years before her death and having drawn her will and the deeds herein mentioned for her at her request and under her instructions, but he had never represented any of her children who are appellants and appellees herein. He further gave on direct examination the following excerpts of pertinent testimony about the instructions Leah T. Amend gave him concerning the deed after she had executed it and delivered it to him:

"She instructed me to file that deed and tell the children about it when I thought it was advisable. She wanted it filed prior to her death, but as near to the end as possible."

Again he testified that:

"I would say she instructed me to record that deed at a time I thought proper, but prior to her death."

He further testified in effect on direct examination that he took the said deed with him on the day it was executed at the request of grantor and placed it in his filing cabinet in his office in the file he kept for Leah T. Amend until he had it filed for record in Randall County at 8:30 A.M. o'clock on August 30, 1954, before Leah T. Amend died later that day. He likewise testified that in his office he told appellee, Leah E. Kay, about the deed and its execution a few days after it was executed and he further told her the said deed was in his files and explained to her why he was then hesitant in having the deed recorded. Barker further testified on direct examination that Leah T. Amend loved all of her children and wanted them treated as near equally as she knew how but the children were having a little trouble among themselves. The instructions the grantor gave

her agent and attorney, J. D. Barker, were apparently positive and affirmative and we find no evidence of any act or statement of Leah T. Amend which would indicate that she exercised any control over the deed in question or reserved any right to recall the same or that she intended to do either after she executed the deed and delivered it to J. D. Barker and gave him instructions to tell the children about it and place the deed of record before she died, which Barker did according to the undisputed evidence.

J. D. Barker further testified on direct examination that he explained to appellee, Leah E. Kay, before her mother's death why he was hesitant about recording the deed to the land here involved and also told her that it placed quite an obligation upon him as to when to record the deed under the instructions of her mother, the grantor. Leah E. Kay testified in effect that she knew about the deed in question before her mother's death; that a few days after the deed was executed Mr. Barker told her mother that he wanted to see the witness and her mother told her that Mr. Barker wanted to see her and for her to go by and see Mr. Barker; that she went by Mr. Barker's office to see him and he then told her about the deed in question and he told her why he had not recorded the said deed just as he had previously testified in court and that it was all agreeable with her; that it was agreeable with her for her mother to deed the property in question as she desired and that the witness was then willing to accept the property as deeded; that Mr. Barker did not tell her that he had the right to give the deed back to her mother but he told her the home place had been deeded to the witness and her brother, Scott, and her mother had instructed him to record the deed at his discretion but he wanted to share the responsibility with her as to when he should record the deed. She also testified on cross examination in effect that Mr. Barker did not hand the deed to her when they were talking at the office for to have done so would not have been fol-

lowing her mother's instructions given to Mr. Barker. The undisputed evidence previously heard sustains her position in this matter, since the evidence reveals that at the time she and Barker were talking in his office, the said deed was then in Barker's possession where it had been since the day it was executed; that he kept it in the Leah T. Amend file in his office and on the occasion when Leah E. Kay was advised about the deed in Barker's office and agreed to accept the deed as drawn, the deed had not been recorded as directed by the grantor and grantor had not then died, hence for Barker to have then handed the deed to Leah E. Kay would not have been following the grantor's instructions.

 In our opinion the factual situation in the case at bar is closely analogous to the material factual situation in the case of Ragland v. Kelner, 148 Tex. 132, 221 S.W.2d 357, 359, except that in the case at bar there was no threat of violence or indication of fear which could have prompted any of the transactions. In applying the rules of law to the facts in that case the court said in part:

"While the question of whether there has in fact been a delivery of a deed is one for the trier of facts, the question of what constitutes a delivery is one of law. In this case the facts regarding the delivery of the deed are undisputed, and only the question of what legal effect is to be given those facts is before us for decision. A valid delivery of a deed may be made to a third person who is not an agent of the vendee, and this is true even though the grantee may not be aware of its execution or delivery. If a grantor delivers a deed to a third person, without any reservation on his part of the right to recall it, and with instructions to the third person to deliver it to the grantee upon the grantor's death, he thereby makes an effective delivery of the deed as a matter of law. * * * Our view is that, as a matter of law, Mrs. Kelner

delivered the deed to this property to W. A. Chenoweth, to become effective upon her death, when she manually delivered it to Mrs. Mahurin."

In our opinion the factual situation in the case at bar is closely analogous also to the material factual situation in the recent case of Hayhurst v. Paylor, Tex.Civ. App., 293 S.W.2d 531, wherein this court there quoted at length from the Ragland-Kelner case and applied the rules of law there announced to determine the results of the material facts in that case which were very much like the material facts in the case at bar.

We think these authorities strongly support the judgment of the trial court in the case at bar. A close examination also of the facts and law presented in the cases of Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Davis v. Bond, 138 Tex. 206, 158 S.W. 2d 297, and Earl v. Mundy, Tex.Civ.App., 227 S.W. 970 (writ refused), all cited by the court in support of its holdings in the Ragland-Kelner case will reveal that they also support the trial court's judgment in the case at bar.

In the case of Ford v. Hackel, 124 Tex. 402, 77 S.W.2d 1043, the court held the rule firmly established to the effect that it is presumed that a grantor who executed a duly authorized deed and caused the same to be recorded, as grantor did in the case at bar, did so for the purpose of giving effect to the instrument as a conveyance and no further act of delivery is required. However, such a presumption may be rebutted by an adversary but we find no material attempt of rebuttal made by appellants in the case at bar.

In the case of Caldwell v. Tucker, Tex. Civ.App., 246 S.W.2d 923, 927, we find where the court said in part:

"The fact that the grantors signed and acknowledged the deed and thereafter caused it to be recorded raised the presumption that they did so for the purpose of making the deed effec-

tive as a conveyance, and further proof of delivery would not be necessary. However, if the proof should show that the deed was recorded for a different purpose, or through accident, fraud or mistake, such presumption would be overcome. Ford v. Hackel, 124 Tex. 402, 77 S.W.2d 1043. In the case before us the trial court heard the evidence and resolved that there was delivery of the deed, there is evidence to support his finding and it is sustained. Also, there is not evidence sufficient to rebut the presumption of acceptance of the conveyance by the grantee but the evidence supports the presumption. Ford v. Hackel, supra."

In our opinion these pronouncements of the law, as well as all other previously cited authorities, are applicable to the facts presented in the case at bar and are controlling. In the case at bar there was no claim made of fraud, accident or mistake or that the deed was recorded for a purpose different from that of conveyance.

■ A delivery of a deed to one of two or more cotenants is a valid delivery. 14B Tex.Jur. 548, Sec. 104 and other authorities there cited. For this reason delivery to and acceptance of the deed by vendee, Leah E. Kay, was sufficient to include the other vendee, Winfield Scott Amend, Jr.

■ Appellants assert that they understand and accept the rule of law to the effect that the findings of the trial court are binding upon this court unless such findings are without any substantial support of the evidence or unless such findings are so against the overwhelming preponderance of the evidence as to be manifestly wrong or unless such findings are unsupported except by conjecture or surmise or unless there is no evidence to support such findings. However, the rule of law also requires us, in determining the sufficiency of the evidence in a case such as this, to give credence only to the evidence and circumstances favorable to the trial court's find-

ings and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold such findings. Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118 and other cases there cited; Trulove v. Trulove, Tex.Civ.App., 266 S.W.2d 491. The same rule applies and the same consideration must be given under the "no evidence rule." Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

■ Under the record presented we find that the grantor executed the deed in question duly prepared as directed by her, reserving only a life estate to her as grantor, and delivered the deed to her agent and attorney, who was not an agent or attorney for either of the vendees or for any of the parties to this suit, without making any reservations on her part of the right to thereafter control or recall the deed, and with instructions to her said agent and attorney to have the said deed recorded prior to her death but as near such as possible and to tell the children, meaning the vendees and other parties to this suit, about the matters when he thought advisable; that her said agent followed her instructions by advising one of the vendees who accepted the conveyance as made, and by having the said deed recorded prior to grantor's death; that appellants offered no testimony to rebut the foregoing facts other than to seek to vary or change some of the facts presented by giving them a different construction according to appellants' own theories. Under the rules of law governing such facts as herein found by us, it is our opinion that a valid delivery of the deed was made as found and concluded by the trial court.

Although stress seems to have been laid upon such matters, the foregoing facts and conclusions are not, in our opinion, affected by reason of the statement made by appellee, Leah E. Kay, as a witness when she answered a question propounded to her by appellants' counsel on cross examination and testified to the effect that Barker did not hand the deed to her and place it in

her control when they discussed the matters in his office since such would not have been in compliance with her mother's instructions given to Barker. This matter has been previously herein discussed and our reasons for so holding therein given. Neither are such facts and conclusions affected by the testimony given by appellants' witness, Barker, to the effect that if the grantor had asked him to return the deed after it was executed, he would have returned it to her. If the latter testimony was competent for any purpose it was not competent under the circumstances to prove or disprove the intention of the grantor or to prove or disprove that grantor reserved the right to cancel or void the deed in question. The said testimony of the witness, Barker, was given merely as a reply to a hypothetical or conditional question propounded to him by appellants' counsel about what his reaction would have been concerning a circumstance that had never existed in connection with the facts in this case and it was therefore speculative and had no probative force as evidence. In any event, what Barker may or may not have done would not tend to show the intentions of the grantor.

■■ Appellants charge error was committed by the trial court in excluding as evidence their Exhibits Nos. 6 and 7, together with the deposition testimony of J. D. Barker relating to the said exhibits. The admission of such purported evidence was objected to by appellees as being immaterial and such objection was sustained by the trial court. The record reflects that these matters were presented to the trial court in the absence of the jury before it was excused and by agreement of the parties the matters were presented to the trial court for determination. Exhibit No. 6 appears to be a letter from Leah T. Amend to J. D. Barker of date August 28, 1951, concerning three deeds she had entrusted to his keeping to be delivered immediately

after her death "or sooner and prior to my death if you deem it advisable." Exhibit No. 7 appears to be one of the deeds referred to in the said letter executed by Leah T. Amend on August 24, 1951, conveying certain land described therein to her son, Winfield Scott Amend, Jr., with a life estate reserved to her as grantor. In so far as we are able to determine the record does not contain the deposition testimony of J. D. Barker "relating to the said exhibits." Such testimony not being before us, we have no way of knowing what it was. It appears that appellants are seeking to prove by such evidence offered the intention of Leah T. Amend in connection with the transactions shown to have occurred three years later in the case at bar. We fail to see how the exhibits concerning different and separate transactions occurring three years prior to the transactions out of which this suit arose could in any event have any tendency to establish the intentions of Leah T. Amend three years later in other transactions. In our opinion the exclusion of the evidence in question was not reversible error if in fact any error.

For the reasons stated it is our opinion that the trial court properly analyzed and construed the transactions here involved when it found and concluded from all of the facts and circumstances that the grantor had the intention to pass title of the land and improvements thereon to appellees when she executed the deed in question and delivered it to her attorney, J. D. Barker, with instructions to place it of record and tell the children about it and that as a result of such the deed was delivered and title to the property passed to appellees, for which reason appellants were not entitled to recover. Appellants' points of error to the contrary are all therefore overruled and the judgment of the trial court is affirmed.